IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>Plaintiff<br>Vs<br><br>**JUAN RIOS ORTIZ,**<br><br>Defendant. | **CR. NO. 10-157 (DRD)** |

MOTION UNDER RULE 29 OF THE FEDERAL RULES OF
CRIMINAL PROCEDURE

**TO THE HONORABLE COURT:**

**COMES NOW** the defendant Mr. Juan Rios Ortiz through his undersigned attorney, who respectfully alleges, request as follows:

**I.** Rule 29 of the federal rules of criminal procedure establishes in its pertinent part that" the Court on the defendant's motion must enter a judgment of acquittal for any offense for which the evidence is insufficient to sustain a conviction" F.R.C.P. 29 (a).

**II.** Having that in mind lets review the record in relation to count one of the indictment that reads as follows:

Conspiracy to Posses Intent to Distribute Controlled substances 21 U.S.C. & 846. Beginning on or about December, 2009, and continuing to on or about February 2, 20010, in the District of Puerto Rico. Knowingly and intentionally commit the following offenses against the United States: (1) to distribute a mixture and substance containing a detectable amount of cocaine, a schedule II narcotic controlled substances; (2) to distribute a mixture and substance containing a detectable amount of heroin, a schedule I narcotic controlled substances; (3) to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substances; (4) to distribute

|       | |
|-------|--|
|       | Percocet, which contains oxycodone, a Schedule II narcotic controlled substance; and (5) to distribute Xanax, which contains alprazolam, a Schedule IV controlled substance, in violation of Title 21, <u>United States Code,</u> Section 841 (a)(1). All in violation of Title 21, <u>United States Code,</u> Section 846. |
| III.  | Section 846 (21 U.S.C. 846) reads in its pertinent part: "Any person who attempts of conspires to commits any offense defined, in this subchapter shall be subject to the some penalties". |
| IV.   | The government in the instant case had to prove that Mr. Juan Rios Ortiz, with some other person or persons had or made the agreement, specified in the indictment and that Mr. Juan Rios Ortiz willfully joined in that agreement with some other person or persons. |
| V.    | There must be at least two on more persons to have a conspiracy and there had to be some evidence that the persons involved shared a general understanding about the crime and all of this have to be proved beyond reasonable doubt. |
| VI.   | It is well established that the government need not proved the specific details of a plan, only that the conspirators agreed to the plan's essential nature **United States v. Martinez-Medina** 279 F.3d 105, 113 (1st Cir. 2002.), and although, the conspirational agreement may be proved by circumstantial evidence, and the plan may be inferred from development and collection of circumstances. **United States v. Aponte Suarez,** 905 f.2d 483, 490 (1st Cir. 1990), the government did not submit evidence in the instant case that support beyond reasonable doubt facts that this legal theory can be based. |
| VII.  | The only witnesses that can give some light if a conspiracy existed and if Mr. Juan Rios Ortiz was a member of that conspiracy is Mr. Carlos Falcon. Mr. Carlos Falcon, is the distribution manager of Caribbean Produce (Transcripts, day 3 of the Jury Trial, page 57) a company that distributes amount other thing food to retailers including M.D.C. Guaynabo, Puerto Rico. |
| VIII. | Mr. Falcon testified that Mr. Juan Rios Ortiz, was a forklift operator supervised by Mr. Rudon and that Mr. Juan Rios Ortiz place of work was the holding place (Transcripts, day 4th of the Jury Trial, pages 29-38) and the only way that Mr. Juan Rios Ortiz, could work as a dispatcher was is he was |

ordered by Mr. Rudon.

IX. There is no evidence that Mr. Juan Rios Ortiz had a plan, made plans or had an agreement with any other persons to work as a dispatcher to be able to place contraband in any of the boxes. There is no evidence that Mr. Juan Rios Ortiz had a plan, made plans or had an agreement to place contraband on February 2nd, 2010 in the boxes going to M.D.C. Guaynabo, Puerto Rico.

X. Mr. Juan Rios Ortiz did never knew when he was going to work as a dispatcher because the only way that he could work in that position is if was ordered by Mr. Rudon, his supervised. There is no evidence that can allow a person to make a reasonable inference that Mr. Juan Rios Ortiz had an agreement to plan contraband with any persons on February 2nd, 2010.

XI. Mr. Juan Rios Ortiz was found guilty to Count Six of the indictment that reads as follows:

Distribution of a Controlled Substance 21 U.S.C. &841. On or about February 2, 2010, in the District of Puerto Rico, the defendant, Mr. Juan Rios Ortiz, aider and abettor others known to the Grand Jury, knowingly and intentionally distribute Percocet, which contains oxycodone, a Schedule II narcotic controlled substance.

All in violation of Title 21, **United States Code,** Section 841 (a)(1), and Title 18, **United States Code,** Section 2.

XII. The evidence against Mr. Juan Rios Ortiz is the video tape of February 2nd, 2010, where he is working as a dispatcher as ordered by Mr. Rudon, his supervisor, placing boxes of eggs in a pallet that it was going to be delivered to M.D.C. Guaynabo, Puerto Rico, and the latent fingerprint on the tape which as stated by Ms. Shannon E. Prince, the Forensic Expert, "the presence of a friction ridge print alone does not necessarily indicate the significance of the contact nor the time frame during which the contact occurred."

XIII. Mr. Juan Rios Ortiz is charged in this count and in count seven as an aider and abettor and all the evidence presented by the government in this case is circumstantial, it is true that circumstantial evidence can prove the offense beyond reasonable doubt, however, in this case the circumstantial evidence

       submitted by the government does not allow a person to make a reasonable inference that can support beyond reasonable doubt that Mr. Juan Rios Ortiz conspired with any other person or was an aider and abettor as charged in the indictment.

XIV.  It is were settled that "aiding and abetting is not a separate of offense from the underlying substantive crime" **United States v. Mitchelle** 23 F3d 1, 2 (1st Cri. 1994), and "the elements necessary to convict and individual (Mr. Juan Rios Ortiz) under and aiding and abetting theory are: (1) that the accused had the specific intent to facilitate the commission of a crime by another, (2) that the accused had the requisite intent of the underlying substantives offense, (3) that the accused assisted or participated in the commission of the underlying offense, and,(4) that someone committed the underlying offense" **United States v. Singh** 582 F3d 1053, 1057 (9th Cir. 2008).

XV.  There is not evidence submitted by the government that can establish and proved beyond reasonable doubt that Mr. Juan Rios Ortiz share a common criminal intent with the principal to commit the offense charged.

XVI.  The evidence demonstrated that Mr. Juan Rios Ortiz never knew when he was going to work as a dispatcher. Mr. Juan Rios Ortiz worked as a dispatcher only when his supervisor, Mr. Rudon ordered him to perform that work, and on the evidence submitted during trial no reasonable inference could be made by a person that Mr. Juan Rios Ortiz had the specific intent or willfully associated himself with the criminal venture as something he wished to bring about.

XVII.  In Count Seven Mr. Juan Rios Ortiz, was found guilty of aiding and abetting other persons with knowingly and intentionally attempted to provide a prohibited object to an inmate of a Federal Prisons. There is no evidence at all that Mr. Juan Rios Ortiz aided and abetted any persons to provide or to attempt to provide an inmate a prohibited object.

XVIII.  The evidence submitted by the government in addition to Mr. Colon was the testimony of Mr. Jesus Piñero the truck drive. (Transcripts, day 4th, Jury Trial, page 44) that testified that Mr. Juan Rios Ortiz loaded his truck, however, Mr.

Piñero also testified that Mr. Juan Rios Ortiz "worked the forklift for all the stores, not only for M.D.C. Guaynabo, Puerto Rico, him and another persons were the person also the person who is worked the forklift" (Transcripts, day 4th Jury Trial, page 50).

XIX. The government based its case to support its theory that Mr. Juan Rios Ortiz conspire to commit the offense as charged in Count One of the indictment and that Mr. Juan Rios Ortiz was an aider and abettor in count 6 and 7 of the indictment in circumstantial evidence, however, this circumstantial evidence does not allow reasonable inferences to prove the elements of the offenses beyond reasonable doubt.

**WHEREFORE,** It is respectfully requested from this Honorable Court to grant this motion.

**RESPECTFULLY SUBMITTED:**

In San Juan, Puerto Rico, this 4th day of February 2011.

**CERTIFICATE OF SERVICE:** I hereby certify that on 4th day of February 2011, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following: Assistant US Attorney, Justin R. Martin

/s/ Ramón García García, Esq.,
**RAMON GARCIA GARCIA, ESQ.,**
**USDC No. 120511**
**PO. BOX 9047  SANTURCE STA.**
**SANTURCE, P.R.  00908**
**TEL. (787) 759-7440**
**FAX. (787) 763-5223**